Matter of Tacomul v Annucci (2023 NY Slip Op 01619)

Matter of Tacomul v Annucci

2023 NY Slip Op 01619

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, MONTOUR, OGDEN, AND GREENWOOD, JJ.

213 CA 22-00721

[*1]MARCO TACOMUL, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BEEZLY J. KIERNAN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered April 18, 2022 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 petition seeking to annul the Parole Board's determination denying his request for early conditional parole for deportation only. The Attorney General has advised this Court that, subsequent to that denial and during the pendency of this appeal, petitioner reappeared before the Parole Board in January 2023. Consequently, this appeal must be dismissed as moot (see generally Matter of Crittleton v Annucci, 201 AD3d 1302, 1302 [4th Dept 2022]; Matter of Hill v Annucci, 149 AD3d 1540, 1541 [4th Dept 2017]). Contrary to petitioner's contention, the exception to the mootness doctrine does not apply (see Hill, 149 AD3d at 1541; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court